

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

JOSHUA J. LAX
*Senior Counsel*
jlax@law.nyc.gov
(212) 356-3538 (tel.)
(212) 356-3539 (fax)

July 15, 2019

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: **Danielle Rosenfeld, et. ano. v. Tara Lenich, et al., 18 CV 6720 (NGG) (PK)**
> **Jarrett Lemieux v. Tara Lenich, et al., 18 CV 6721 (NGG) (PK)**

Your Honor:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York, Kings County District Attorney Eric Gonzalez, Lu-Shawn Thompson as administrator of the Estate of Kenneth Thompson, Mark Feldman, William Schaefer, Brian Donohue, William Power, Michael Dowling, Joseph Piraino and Robert Kenavan (collectively, "City defendants") in the above-referenced matters. I write to respectfully request that principals at both New York City Law Department and the New York City Office of the Comptroller be permitted to appear by telephone during the settlement conference scheduled in this matter for 10:00 a.m. on July 30, 2019.[1] Tadhg Dooley, Esq., objects to this request on behalf of all plaintiffs in the above matters. Their position is that it is important for at least one person with settlement authority to attend the conference. Counsel for defendant Lenich, Eric Creizman, Esq., takes no position.

As the Court is aware, there is an interplay between the assigned attorney, a superior at the Law Department, and a representative from the New York City Comptroller's Office who has the ultimate decision regarding resolution of the case. To be clear the Comptroller representative has the decision making authority, but there is an additional step involving this office. These individuals are the same in the above-referenced matters, and the undersigned is not involved in the Stephanie Rosenfeld matter. Due to the numbers involved in

---

[1] Although the undersigned is not counsel of record in the Stephanie Rosenfeld v. Tara Lenich, et. al., 17 CV 7299 (NGG)(PK), as a member of the Corporation Counsel, the undersigned respectfully submits the same relief should be granted in that case.

these negotiations, the personnel are higher ranking officials who attend to multiple matters day to day, and it would pose a tremendous burden on any of them to attend in person an all-day settlement conference. Further, plaintiffs identify nothing unusual about these cases which set it apart from the numerous cases where this type of request is granted. All three actions that are part of the settlement conference arise from the same incident or transaction, the issues pertaining to the liability of the City are identical over the three cases, and the damages claims are straight forward for plaintiff Lemieux and the class. Thus, there is no reason appearances by telephone will work a detriment to the settlement conference. Lastly, the Court has already granted leave of one of the putative representatives plaintiffs in the putative class action to appear by telephone.

For these reasons City defendants respectfully request leave for all decision making principals to appear by telephone at the July 30, 2019 settlement conference. Defendants thank the Court for its consideration of this application.

Respectfully submitted,

/s/

Joshua J. Lax
Senior Counsel
Special Federal Litigation Division

cc:  All counsel  **(By ECF)**