

|  | **THE CITY OF NEW YORK** |  |
|---|:---:|---:|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **JOSHUA J. LAX** |
| *Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
|  | NEW YORK, NY 10007 | jlax@law.nyc.gov |
|  |  | (212) 356-3538 (tel.) |
|  |  | (212) 356-3539 (fax) |

January 23, 2020

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **Danielle Rosenfeld, et. ano. v. Tara Lenich, et al., 18 CV 6720 (NGG) (PK)**
      **Jarrett Lemieux v. Tara Lenich, et al., 18 CV 6721 (NGG) (PK)**

Your Honor:

    I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, counsel for defendants City of New York, Kings County District Attorney Eric Gonzalez, Lu-Shawn Thompson as administrator of the Estate of Kenneth Thompson, Mark Feldman, William Schaefer, Brian Donohue, William Power, Michael Dowling, Joseph Piraino and Robert Kenavan (collectively, "City defendants") in the above-referenced matters. I write seeking to compel plaintiffs in the above-referenced matters to disclose the amount of their monetary settlements with defendant Tara Lenich who is not represented by the undersigned.[1] The undersigned has requested both plaintiffs' counsel in all three related matters and counsel for defendant Lenich to disclosure the amounts of the monetary settlement. Samuel Shapiro, Esq., on behalf of plaintiffs Stephanie Rosenfeld, Danielle Rosenfeld, and Vincent Garcia states that his clients have not authorized him or his colleagues to share the settlement amount with the City.[2] Eric Creizman, Esq., takes the position that City defendants are not entitled to that information.

---

[1] Although the undersigned is not counsel of record in the matter of Rosenfeld v. Lenich et. al., 17 CV 7299 (NGG)(PK), City defendants believe that a similar disclosure should be compelled in that case for the reasons stated herein. Plaintiff's counsel in that matter also appears in the Danielle Rosenfeld matter.

[2] It is unclear whether Mr. Shapiro speaks for plaintiff Jarrett Lemieux. His counsel has been silent to two separate inquiries made by electronic mail on January 21, 2020 and January 22, 2020. This application seeks Lemieux's settlement amount with defendant Lenich as well.

## I. Background

As the Court is aware, these matter arises from the unlawful scheme by defendant Tara Lenich to intercept the cellular phone communications of plaintiff Jarrett Lemieux and Stephanie Rosenfeld, who maintain separate actions. In addition, plaintiffs Danielle Rosenfeld and Vincent Garcia bring a third action seeking to represent a purported class of seven hundred individuals whose communications were allegedly intercepted by defendant Tara Lenich's scheme to deceive the wire room of the Kings County District Attorney's Office. The Lemieux and Rosenfeld and Garcia matters were filed on November 26, 2018, the approximate day that the statute of limitations expired for these plaintiffs and the putative class. No motion for class certification has been submitted, though defendant Lenich sought to strike the class allegations in the Complaint in lieu of an Answer without addressing the individual plaintiffs' claims against her. (See Docket Sheet, 18 CV 6720, Entry No. 57-58). Discovery is proceeding in this action. On January 17, 2020, plaintiffs in both actions filed a Notice of Voluntary Dismissal. (See Docket Sheet, 18 CV 6720, Entry No. 78; Docket Sheet, 18 CV 6721, Entry No. 59). The notion that each are a "voluntary dismissal" is somewhat misleading, as plaintiffs and defendant Lenich bargained for the dismissal. Instead, plaintiffs agreed to settle their individual claims with defendant Lenich in exchange for unspecified "monetary payments" and "her truthful statements concerning the subject matter of the above-captioned actions." This agreement is memorialized in a stipulation sent to the undersigned which City defendants refused to sign. This latter "consideration"—"truthful statements"—was reduced to a written declaration that included a number of questionable and spurious allegations against the City defendants. Defendants use of the word "consideration" is in quotation marks as it is unclear how plaintiffs received something in this bargain they would not otherwise be entitled to, namely the truthful testimony of defendant Lenich at a deposition or trial. Plaintiffs at no time sought judgment on the pleadings or summary judgment against defendant Lenich who was convicted after a plea for the unlawful interceptions.

The effect of this arrangement leaves plaintiffs' counsel as putative class counsel and their clients as the putative class representatives against the City defendants. This arrangement would strip the putative class of representation against defendant Lenich, extinguishing the putative class' rights against Lenich with the rapid expiration of the statute of limitations for their claims against her.

In addition to this application, defendants have given notice of their intent to serve subpoenas on all counsel involved in the negotiations. As a result, there may be future applications to the Court.

## II. Legal Argument

As an initial matter, plaintiffs have failed to articulate a legal basis for withholding this information. Nor can they, as it is clear that Rule 26 permits discovery of settlement agreements once there is a showing of relevance as to the agreement. See e.g. King County v. IKB Deutsche Industriebank AG, 2012 U.S. Dist. LEXIS 116583, at *5 (S.D.N.Y. Aug. 17, 2012); Highland Capital Mgmt., L.P. v. Schneider, 2007 U.S. Dist. LEXIS 97453, at *7-8 (S.D.N.Y. Sep. 28, 2007) (collecting cases regarding discovery of credibility); Rates Tech. Inc. v. Cablevision Sys. Corp., No. 05-CV-3583 (DRH) (WDW), 2006 U.S. Dist. LEXIS 76595,

at *10 n.3 (E.D.N.Y. Oct. 20, 2006).  In each of these cases the Court cited the general rule that settlement agreements are not subject to heightened protection, and may be discovered upon a showing of relevance.

"Some courts have compelled the disclosure of settlement agreements that could lead to evidence of bias, interest, or prejudice of trial witnesses. Those are cases where the settlement includes, for instance, an agreement to testify on the plaintiff's behalf. In those cases, settlements are relevant for the impeachment of settling and testifying co-defendants." King County, supra, at *10.  Thus, the terms of an agreement was held to be discoverable where a settling co-defendant promised cooperation and payment of a fixed amount.  Tribune Co. v. Purcigliotti, 93 Civ. 7222(LAP) (THK), 1996 U.S. Dist. LEXIS 8433, at *5-7 (S.D.N.Y. June 19, 1996) (cited by King County, supra).  In Tribune Co., the witness was a significant fact witness and the defendants moving to compel believed the plaintiffs agreed to the dismissal in exchange for favorable testimony about disputed facts.  Id. at *6.  In holding the agreement discoverable, the Court stated, "For example, Mr. Britton may have been liable to plaintiffs for a substantial amount of damages if plaintiffs were to prevail; yet, plaintiffs have agreed to dismiss the case against him. If they have done so in exchange for a nominal sum and his cooperation, that information may be relevant to his credibility." Id. at *7.

Here, the circumstances are identical to Tribune Co.  Defendant Lenich is an important fact witness as it was her actions that are at the heart of this case.  Plaintiffs in all three cases could have at any time moved for summary judgment and obtained a limitless judgment against her for which she has little or no defense having already admitted to committing all the underlying acts against plaintiffs.  At the same time, her testimony under oath could be obtained as a party or through a subpoena.  An agreement whereby defendant Lenich agreed to provide "truthful statements" to plaintiffs is illusory since they would be entitled to truthful testimony regardless of any agreement.  The amount defendant Lenich has promised to pay becomes significant to her credibility, and evidences whether here testimony is true, bargained for, or biased by the inducement.

As a related issue, plaintiffs' counsel in the three matters wish to at some point become class counsel.  The circumstances and the resulting agreement is therefore also relevant to their application to be appointed class counsel if they violated the Rules of Professional Conduct.  Under Rule 3.4(b) of the New York Rules of Professional Responsibility a lawyer cannot "offer an inducement to a witness that is prohibited by law or pay, offer to pay or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the matter." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 3.4(b) (Lexis Advance through January 10, 2020).  The circumstances here indicate that specific aspects of defendant Lenich's projected testimony were negotiated by these parties.  In particular, the fact that plaintiffs had her execute a declaration to memorialize her statements is suspicious because it indicates some desire to preserve some specific statement or assertion.  This would be unnecessary if it really reflected the truth, as defendant Lenich would have been deposed at some point in the coming months.  If there was misconduct on the part of counsel, such evidence would be relevant in the class certification briefing.

Based on the foregoing discussion, the Court should order plaintiffs and defendant Lenich to disclose their settlement amounts to the City defendants.

Defendants thank the Court for its consideration of this request.

                                                Respectfully submitted,

                                                           /s/

                                                Joshua J. Lax
                                                Senior Counsel
                                                Special Federal Litigation Division

cc:   All counsel  **(By ECF)**