UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIELLE ROSENFELD and VINCENT GARCIA, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

TARA LENICH; CITY OF NEW YORK; LU-SHAWN M. THOMPSON, AS ADMINISTRATOR OF ESTATE OF KENNETH P. THOMPSON; ERIC GONZALEZ; MARK FELDMAN; WILLIAM SCHAEFER; BRIAN DONOHUE; WILLIAM POWER; MICHAEL DOWLING; JOSEPH PIRAINO; and ROBERT KENAVAN,

        Defendants.

No. 18 Civ. 6720 (NGG)(PK)

**DECLARATION OF JAMES I. GLASSER**

JAMES I. GLASSER, an attorney duly admitted to practice before this Court and the courts of the State of New York, declares the following to be true under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a partner in the firm Wiggin and Dana LLP (Wiggin). Along with our co-counsel Emery Celli Brinckerhoff Abady Ward & Maazel LLP ("ECBAWM"), we represent Plaintiffs Danielle Rosenfeld, Vincent Garcia, and the conditionally certified settlement class. I submit this Declaration in further support of Plaintiffs' motion for attorneys' fees and for final approval of Plaintiffs' settlement with the City of New York, Lu-Shawn M. Thompson, Eric Gonzalez, Mark Feldman, William Schaefer, Brian Donohue, William Power, Michael Dowling, Joseph Piraino, and Robert Kenavan (collectively, the "City Defendants").

2. There are 331 Class Members total, including the Original Class Members and the Voicemail Class Members. *See* Declaration of Richard D. Emery, August 23, 2021, Dkt. 106 ¶¶ 43-44, 47 (defining Original Class Members and Voicemail Class Members).

3. Since Plaintiffs filed their motion for final approval, three additional Class Members have filed timely claims. *See* Declaration of Dana Boub, September 20, 2021 ¶ 4. As detailed further in Ms. Boub's declaration, a total of 162 Class Members have submitted valid claim forms. *Id.* This represents 49% of all 331 Class Members.

4. RG/2 Claims Administration ("RG/2"), the claims administrator retained in this case, calculated that each Award Unit will have a value of $1,000, the maximum value of an Award Unit under the Settlement Agreement. *Id.* ¶ 6. When calculated with the maximum $1,000 Award Unit, the timely submitted claims represent a total payout of $1,286,500, including the anticipated service awards of $15,000 to each Named Plaintiff. *Id.* ¶ 7.

5. As detailed in Ms. Boub's declaration, to date, no Class Member has opted out from or objected to the Settlement. *See id.* ¶ 8.

6. Wiggin and ECBAWM seek an award of attorneys' fees in the amount of $1,066,666.66, representing one-third of the total Class Fund. Wiggin also seeks costs in the sum of $9,476.91 to be paid from the Class Fund. As indicated in the below chart, Wiggin's costs include legal research, filing fees, travel, postage and the costs of obtaining records. All of these costs were reasonable, necessary, and incurred. These expenses are expenses that would normally be charged to a fee-paying client.

**Wiggin and Dana's Costs**

| Category | Amount |
|---|---|
| Legal Research | $ 8,980.00 |
| Travel | $ 309.01 |

| Filing Fees    | $ | 150.00   |
|----------------|---|----------|
| Overnight Mail | $ | 20.00    |
| Records        | $ | 17.90    |
|                | $ | 9,476.91 |

7.  The category of expenses described as "Legal Research" includes the cost of using Westlaw to conduct legal research in this case. Wiggin and Dana typically bills its clients for costs associated with legal research.

8.  The $1,066,666.66 in attorneys' fees sought by Class Counsel represents approximately 108% of Class Counsel's current lodestar, which is $987,174.50. This represents an increase of $11,103 since the lodestar was calculated for my prior declaration. This increase is attributable to hours expended preparing Plaintiffs' motion for final approval and attorneys' fees and the supporting documents, including preparation of this reply memorandum and supporting affidavits.

9.  As indicated in the below chart, which was created based on a review of contemporaneously created time records, the current lodestar for Wiggin and Dana is $ 370,210.[1] While Class Counsel litigated this case on a contingency basis, the hourly attorney rates used in calculating the lodestars for Wiggin and Dana and ECBAWM are current rates the firms charge clients who pay hourly. The rates used by all counsel are also in line with (or below) prevailing market rates.

---

[1] My affidavit dated August 23, 2021, accurately set forth time expended by Wiggin and Dana lawyers and staff on this matter, as well those timekeepers' current hourly billing rates. However, the August 23rd affidavit contained a computational error in the chart setting forth the total sum of fees incurred. The total fees set forth in the chart as of that time added up to $363, not $383,135. The current total of $370,210.00 includes an additional 20.8 hours of billable time expended by Tadhg Dooley, John Doroghazi, and me since I submitted my August 23rd affidavit. The accurate current Loadstar for time expended by Wiggin lawyers and staff totals $370,210.

## Calculated Lodestar for Wiggin and Dana

| Timekeeper | Rate per Hour | Total No. of Hours | Total Fees |
|---|---|---|---|
| Ariela C. Anhalt | $400 | 22.6 | $9,040.00 |
| Diana Dieciedue | $225 | 9.9 | $2,227.50 |
| Jacob A. Sand | $525 | 7 | $3,675.00 |
| James I. Glasser | $750 | 101.4 | $76,050 |
| John Doroghazi | $575 | 20.8 | $11,960 |
| Robert J. Buchanan | $225 | 4.8 | $1,080.00 |
| Samuel Breitbart | $425 | 22.6 | $9,605.00 |
| Tadhg A. J. Dooley | $575 | 430.1 | $247,422.50 |
| Timothy C. Cowan | $375 | 24.4 | $9,150.00 |
| **Totals** | | **643.8 hours** | **$370,210.00** |

10. As detailed in my prior declaration, my firm also represented Jared Lemieux in a lawsuit filed against Defendant Lenich and the City Defendants for claims arising out of Defendants' unlawful interception and recording of Jared Lemieux's phone calls and text messages. *See Lemieux v. Lenich*, No. 18-Civ-6721 (NGG) (PK) (E.D.N.Y.) ("Lemieux").

11. Wiggin and Dana assigned one matter number to *Lemieux* and a different matter number to this class action lawsuit. The attorneys and paralegals who worked on these matters had instructions to segregate their time by billing only to the matter to which the task pertained.

12. Where attorneys or paralegals worked on tasks that benefited both *Lemieux* and this class action, they divided the time spent on such tasks between the two matter numbers. For example, the attorneys who attended the settlement conference with Magistrate Judge Kuo, which addressed both lawsuits, billed half of the hours spent at the conference to the matter

X

X

number assigned to *Lemieux* and the other half to the matter number assigned to this class action. Hours were never billed twice to both lawsuits.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2021
      New Haven, CT

                                            JAMES I. GLASSER