UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DANIELLE ROSENFELD and VINCENT GARCIA, on behalf of themselves and all others similarly situated,

                Plaintiffs,

                v.

TARA LENICH; CITY OF NEW YORK; LU-SHAWN M. THOMPSON, AS ADMINISTRATOR OF ESTATE OF KENNETH P. THOMPSON; ERIC GONZALEZ; MARK FELDMAN; WILLIAM SCHAEFER; BRIAN DONOHUE; WILLIAM POWER; MICHAEL DOWLING; JOSEPH PIRAINO; and ROBERT KENA VAN,

                Defendants.
----------------------------------------------------------- X

JUDGMENT
18 CV 6720 (NGG) (PK)

An Order of Honorable Nicholas G. Garaufis, United States District Judge, having been filed on January 19, 2022, granting Plaintiffs' Motion For Final Approval Of Class Action Settlement, Final Certification Of The Settlement Class, Attorneys' Fees, Costs, And Service Awards; it is

ORDERED and ADJUDGED as follows:

1. ***Definitions*** - To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. ***Certification of Settlement Class*** - The Court hereby confirms certification of the following Settlement Class pursuant to Fed. R. Civ. P.23: a Rule 23(b)(3) Class of all persons or entities, including the Class Representatives, whose wire or electronic communications with Stephanie Rosenfeld's personal cellular phone and/or with Jarrett Lemieux's personal cellular phone were intercepted using the ADACS system during the period commencing on June 9, 2015 and ending on November 27, 2016. An entity-i.e., a non-human person-is part of the Settlement Class only if the human person who used the entity's phone number to communicate with Stephanie

Rosenfeld's personal cell phone and/or Jarrett Lemieux's personal cell phone cannot be identified. Excluded from the Settlement Class are the City Defendants, Tara Lenich, Class Counsel, Stephanie Rosenfeld, and Jarrett Lemieux.

3. For purposes of the Settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the Settlement Class being certified in connection with the Settlement:

    a. The Class is ascertainable from business records and/or from objective criteria;

    b. The Class is so numerous that joinder of all members would be impractical;

    c. Named Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Class Members;

    d. Based on Named Plaintiffs' allegations that the Defendants engaged in uniform conduct affecting all Class Members, Named Plaintiffs' claims are typical of those of the other Class Members;

    e. Named Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, in that: (i) Named Plaintiffs' interests are aligned with those of the other Class Members; (ii) Class Counsel are able and qualified to represent the Class; and (iii) Named Plaintiffs and Class Counsel have fairly and adequately represented all of the Class Members in obtaining monetary relief, and in negotiating and entering into the proposed Settlement;

    f. For settlement purposes, questions of law and/or fact common to members of the Class predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the

Action. In making these findings for settlement purposes, the Court has considered, among other things: (i) the Class Members' interest in individually controlling the prosecution of separate actions; (ii) the impracticability or inefficiency of prosecuting separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. This certification of the Settlement Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement.

5. If the Court's approval of the Settlement does not become Final for any reason whatsoever, this settlement class certification shall be deemed void ab initio, shall be of no force or effect, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

7. *Certification of Named Plaintiffs and Appointment of Class Counsel* - Solely for the purposes of the proposed Settlement, the Court hereby confirms its (a) certification of Danielle Rosenfeld and Vincent Garcia as the Named Plaintiffs and Class Representatives and (6) appointment of Emery Celli Brinckerhoff Abady Ward & Maazel LLP and Wiggin and Dana, LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the Settlement Class.

8. *Proof of Notice*-The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

9. The Court finds that the distribution of the Notices and Claim Forms and the notice methodology implemented by the Parties complied with this Court's Preliminary Approval Order and confirms its prior finding that such notice (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class

Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the Release of Claims), Class Members' right to object to the proposed Stipulation of Settlement, the right of Class Members to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

10. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C.§ 1715, were complied with in this case.

11. ***Settlement Approval*** - The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and fina11y approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

12. In making these findings, the Court considered, among other factors, (i) the nature of the claims asse1ted by Plaintiff as to the Defendants and the strength of such claims and the defenses of the Defendants, (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained, (iii) the amount and kinds of benefits offered in the

proposed Settlement, (iv) the allocation of proceeds of the Settlement as set forth in the Settlement among Class Members, (v) the stage of the proceedings at which the proposed Settlement was reached, (vi) the information available to the Parties and the Court, (vii) the experience and views of the Patties' counsel, (viii) the potential Class Members' reactions to the proposed Settlement, including the number of objections filed by Class Members and the number of exclusion requests submitted by Class Members, (ix) the submissions and arguments made throughout these proceedings by the Parties, and (x) the submissions and arguments made in connection with and at the Fairness Hearing.

13. ***Implementation of the Agreement*** - The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

14. ***Releases*** - The release of claims as set forth in paragraphs 96 and 97 of the Settlement are expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Settlement), and without limiting or modifying the full language of the release provisions in the Settlement, the release of claims set forth in the Stipulation of Settlement shall be given full force and effect as to all Released Parties.

15. ***Binding Effect*** - The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as those terms are defined in the Stipulation of Settlement). This Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to Released Claims.

16. ***Service Awards*** - The Court finds that the requested service awards of $15,000 to the Named Plaintiffs is reasonable in the circumstances. This amount shall be paid out of the Settlement Fund.

17. *Attorneys' Fees and Costs Award*- Class Counsel are hereby awarded Attorneys' Fees in the amount of $1,066,666.66 and Costs in the amount of $31,655.20, which amount is to be paid out of the Settlement Fund. The Court finds that the Attorneys' Fees and Costs are fair, reasonable, and appropriate.

18. *Administrative Costs*- The Court approves payment of the Administrative Costs, in an amount not to exceed $50,000, to be paid out of the Settlement Fund.

19. *Modification of Settlement*- Without further approval from the Court, Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement and the implementing documents (including all exhibits) that (i) are not materially inconsistent with this Order and the Judgment and (ii) do not materially limit the rights of Plaintiffs, any other Class Member, the Defendants, Releasing Parties, or Released Parties under the Settlement, and provided, further, that any such amendments, modifications and/or expansions of the Settlement must be in writing executed by the Parties to the Settlement.

20. *Retention of Jurisdiction* - The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including the enforcement of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose.

21. *Dismissal of Action* - The claims asserted in this Action will be dismissed with prejudice as of five (5) days following the Effective Date of Payment, as that term is defined in the Settlement, without fees or costs to any party except as otherwise provided in this Order and in the Settlement.

| | |
|---|---|
| Dated: Brooklyn, NY<br>January 20, 2022 | Douglas C. Palmer<br>Clerk of Court |
| | By:   /s/*Jalitza Poveda*<br>          Deputy Clerk |